1  Mathew K. Higbee, Esq., SBN 241380
   Ryan E. Carreon, Esq., SBN 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8336
4  (714) 597-6559 facsimile
   mhigbee@higbeeassociates.com
5  rcarreon@higbeeassociates.com

6  *Attorneys for Plaintiff,*
   GEORGE GUTENBERG

7

8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  GEORGE GUTENBERG,

11                          Plaintiff,         Case No. **2:20-cv-9745**

12  v.                                         **COMPLAINT**

13  RAM DEVELOPMENT &
    CONSTRUCTION COMPANY, INC.;
14  and DOES 1 through 10 inclusive,

15                          Defendants.

16

17

18                  <u>**JURISDICTION AND VENUE**</u>

19       1.     This is a civil action seeking damages and injunctive relief for

20  copyright infringement under the Copyright Act of the United States 17 U.S.C.

21  § 101 *et seq.*

22       2.     This Court has subject matter jurisdiction over Plaintiff's claims for

23  copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

24       3.     This court has personal jurisdiction over Defendants because

25  Defendants' acts of infringement complained of herein occurred in the state of

26  California, Defendants' acts of infringement were directed towards the state of

27  California, and Defendants caused injury to Plaintiff within the state of California.

28       4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff George Gutenberg ("Plaintiff or Gutenberg") is an individual and residing in Palm Desert, California.

6.     Defendant RAM Development & Construction Company, Inc. ("RAM Development") is a corporation duly organized an existing under the laws of the California, with a place of business at 44489 Town Center Way, Suite D544, Palm Desert, CA 92260.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.     Gutenberg is a professional architectural and commercial photographer, specializing in the photography of high-end luxury residential properties and commercial buildings, as well as hospitality, restaurant, and retail environments.  His work has been featured on over 100 domestic and international magazine covers.

9.     Gutenberg is the sole owner and author of a 21 photographs of a an estate in Indian Wells, California (the "Photographs") which were created and first published in 2018. A true and correct copy of Gutenberg's Photographs are attached hereto as Exhibit A.

10.     Gutenberg registered the Photographs with the United States Copyright Office under Registration Number VA 2-120-862.

11.     Defendant RAM Development is a commercial and residential builder in southern California and Arizona.

12.     RAM Development has offices in Palm Desert, Los Angeles, San Diego, and Scottsdale.

13.     RAM Development is the owner and operator of the website www.ram-development.com ("Defendant's Website").

14.     On or about 2019, Gutenberg discovered that his Photographs were being used on Defendant's Website.

15.     On or about July 3, 2019, Gutenberg contacted RAM Development and spoke with Renee Robinson, an officer of the company.

16.     During the conversation, Gutenberg informed Robinson that RAM Development was not authorized to use the Photographs on Defendant's Website and that it needed to purchase a license.

17.     Robinson indicated that she would "get back" to Gutenberg, but did not ever respond nor did RAM Development subsequently purchase a license to use the Photographs.

18.     As of the date of this Complaint, RAM Development continues to display the Photographs on Defendant's Website, despite never purchasing a license from Gutenberg.

19.     Attached hereto as Exhibit B are true and correct screenshots depicting RAM Developments continued use of the Photographs on Defendant's Website.

20.     Gutenberg is informed and believes RAM Development's continued use of the Photographs is deliberate and willful because it should have known that it was not licensed to use the Photographs after Gutenberg spoke to Robinson,

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

23.     Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, Defendant knew or should have known that it did not have a legitimate license for the Photographs.

24.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

25.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.


Dated: October 23, 2020                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*